IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDALL JEFFERSON,           )<br>                              )<br>       Petitioner,           )<br>                              )<br>v.                            )   Civil Action No. 3:12cv748-MHT<br>                              )              (WO)<br>UNITED STATES OF AMERICA,     )<br>                              )<br>       Respondent.            )| |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Wendall Jefferson ("Jefferson") has filed a *pro se* pleading (Doc. No. 2) styled as a "Motion Pursuant to Rule 60(b)(6) of Federal Rules of Procedure," by which he challenges his 2003 convictions and sentence for two separate counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 2); possession with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 5); and two separate counts of possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 4 and 6).[1] For the reasons indicated below, Jefferson is not entitled to any relief on his motion.

**I. DISCUSSION**

---

[1] The district court sentenced Jefferson to 438 months' imprisonment, consisting of concurrent terms of 78 months on Counts 1, 2, 3, and 5, 60 months on Count 4, to be served consecutively to all other counts, and 300 months on Count 6, to be served consecutively to all other counts.

In his motion, Jefferson argues that (1) the district court erred in sentencing him to a consecutive 25-year sentence for a "second and subsequent conviction for having two types of drugs when in fact the evidence was insufficient to determine that the drugs for count three was cocaine powder rather than cocaine base residue" and (2) his trial counsel was ineffective for allowing him to plead guilty and sign a plea agreement that was for five years in prison for Count 4 of the indictment and 10 years for Count 6, but was later enhanced to twenty-five years for Count 6. Doc. No. 2 at 2-6.

Jefferson seeks relief through the vehicle of Rule 60(b)(6) of the Federal Rules of Civil Procedure.[2] "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, apply only to civil actions and proceedings in the United States District Court. *See* Fed. R. Civ. P. 1. Thus, it is well settled that Rule 60 does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

When a *pro se* inmate brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2255 motion, and, if applicable, treat it as an

---

[2] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

unauthorized second or successive motion. *See Williams*, 510 F.3d at 1293-95. If construed as a second or successive motion, the district court lacks subject matter jurisdiction as to the merits of any claims presented in the motion. *Id*. at 1295. In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[3] If the motion seeks to reargue or add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion and dismiss it accordingly. *Id*.; *see also Williams*, 510 F.3d at 1293-94. By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 motion as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532-33; *see also Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the pre-certification from the court of appeals that is ordinarily required for a second or successive § 2255 motion.[4]

---

[3] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 F. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 F. App'x 849 (11th Cir. 2005).

[4] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a
(continued...)

*Id*. at 538.

It is readily apparent that Jefferson's instant motion asserts claims that challenge his underlying judgment of conviction and sentence rather than any alleged defect in the integrity of a judgment of this court denying a prior application for habeas relief filed by Jefferson. Because Jefferson asserts a claim challenging the legality of his conviction and sentence, he seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999). Thus, regardless of Jefferson's own labeling of the instant motion, the court finds that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Gonzalez*, 545 U.S. at 531-32.

This is the second § 2255 motion filed by Jefferson attacking his 2003 convictions and sentence. Jefferson's first § 2255 motion was filed on January 23, 2007. *See United States v. Jefferson*, Case No. 3:06cv60-MHT-TFM, Doc. No. 1. On August 27, 2007, this court denied that motion, deciding all claims adversely to Jefferson. *Id*., Doc. Nos. 24 & 25 (adopting May 14, 2007 Recommendation of Magistrate Judge [Doc. No. 14]).

The pleadings and documents in the instant case reflect that Jefferson has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider

---

⁴(...continued)
whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider the merits of Jefferson's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Jefferson's § 2255 motion (Doc. No. 2) be dismissed, because Jefferson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that on or before **September 14, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 31st day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE